May it please the Court, hopefully I'll be one of those cases that will preserve some time on the stocket. I don't have much more to add than what's in the brief. I think that the primary issue in our appeal is whether or not we waived an ability to ask for a new trial by not objecting to the jury verdict at the time of trial. Because the Court ruled that we had, the Court never actually addressed the merits of the motion for new trial on whether or not it was against the clear weight of the evidence. I'm just saying that that objection should have been brought. It's our position that a party is not required to object to a zero damages verdict when it's not internally inconsistent, one. And two, that this jury verdict essentially was a special verdict, which doesn't require an objection at the time that it's presented, fully signed by the jury. So let me just ask, looking at the merits of the argument, isn't the jury's zero dollar verdict adequately supported by the testimony of the defendant's medical expert that your client's injuries are not consistent with a car accident and could have been caused by something as mundane as a hard sneeze? Why would it be unreasonable for the jury to credit the testimony as true? Well, that was the IME doctor testifying, but he did not testify that Mr. Cody's injuries were caused by a hard sneeze or by anything in particular. He did not directly rebut the testimony that was presented to the jury by a medical doctor and his treating physician that the injuries were related to this, including disc protrusion. I mean, we're not talking, I understand the jury obviously had a different opinion, but where it's caused by this car accident. And that the medical treatment that he received was reasonable and necessary. Dr. Cook never said that any of the treatment was un- said that the treatment in the first 12 weeks was unnecessary. And there is- I thought he didn't have treatment in the first 12 weeks. No, he did have treatment within, I think he had treatment in the first 10 weeks. And Dr. Cook said that he could accept it up to 12 weeks. And I understand that this is a de minimis thing, and we put that in our brief. Obviously, this case isn't about a $500 medical bill. That's not what the appeal is over. But the point is that there's no editor. So a new trial would be granted if the evidence supported these economic damages that were not awarded by the jury. And the jury was instructed what amount of damages did Mr. Cody suffer. So, again, it was a special verdict form. And I don't think it would have- it's required under Rule 59 for a party to essentially ask the judge to send the jury back in to come up with a different answer. Well, it's certainly not in Rule 59, that requirement. Right. It's been traditionally filled under some set of circumstances. And the question is what set of circumstances. Correct. When the form is misleading or confusing or has been inconsistently filled out within itself. But this form, it is possible for the jury to say, assuming disregarding the evidence, there were zero economic damages, there were zero- Despite the stipulations, which were that there was- There was injury. Injury, but there could still be no monetary damages. Well, but the instructions are not the verdict form itself. I don't- Could you remind me what the verdict form said exactly? Did it say what damages, if any? It did not say if any. It said- All right. It said what amount of damages did Mr. Cody suffer. All right. Thank you. So I'm paraphrasing, but it did not- It did not put the question to the jury. Okay. So, again, the basis of this appeal is not the relatively small amount of the economic damages that weren't awarded, but those, the failure to award those damages would entitle Mr. Cody to a new trial for just not being supported by the evidence. So that's our position. Okay. All right. Thanks. Thank you. May it please the Court, Tom Brown for the appellee. Let me address Judge Nelson's comment first. The instructions, which plaintiffs, of course, did not object to, did leave to the jury the decision whether to award any damages, both the non-economic and economic damages. That's why I asked the question. I recall the instructions. He could have not gone to the doctor, but he did go to the doctor. You know, my understanding of the record is that there was no treatment for 10 weeks. And my understanding of the record is that this is just a classic soft tissue case and doctor. But that goes to the question, really, of whether there – the new trial here was denied on a procedural ground. Sure. The judge never got to the question of whether there was any damages. I agree. So really the question before us, it seems to me, is the procedural ground wrong? Because if the procedural ground is wrong, I would think that on any view of this record, we need to send it back to the district court for him to make the new trial decision. I'm not sure I agree entirely, but I'll confess not to be as familiar with this Court's jurisprudence as I am with Oregon State Court's jurisprudence. But it seems to me that there is an argument that the Court can affirm on any basis finding support in the trial court record. And I would find it very difficult. But it would be hard to say that there's no possible view of the evidence on which a trial judge could find that there should be a new trial. In my view, respectfully, if you look at how the Court has characterized what a district court's narrow function is in a 59A clear weight of the evidence argument, you must find that there is essentially a miscarriage of justice. And in this particular case, Dr. Cook's testimony, you can spin it any way you want, but this jury could have concluded very reasonably that he had a very minor soft tissue injury that resolved completely within three weeks or six weeks. They didn't have to accept, as counsel posits, that it lasted 12 weeks. And if it did last 12 weeks, having a treatment in the 10th week would have been reasonable. That's not what Dr. Cook said. The jury was instructed, as is common in a case like this, that it was for the jury to disbelieve or accept the testimony of any witness. They could have accepted parts of Dr. Cook's testimony, which would obviously support that he resolved his condition at all.    It's not the case that Dr. Cook's testimony is reasonable. It's a procedural question. That I don't think is a very difficult issue, and I'll try to explain why. The Court issued an opinion cited in the briefs, Zhang v. American Gem Seafoods, which is a case in which the judge tries to define three concepts, a general verdict, a special verdict, and a general verdict with interrogatory. How does any of that matter? In Zhang and in Philippines and other cases, you have at least arguably conflicting jury verdicts. Here we have one jury verdict. It doesn't conflict with another jury verdict. I don't see how anything setting it back to the jury is any different than in any other case in which the question is, did the jury decide consistently with the evidence or not? There's no conflict, possible conflict, within a jury verdict. Well, I have two responses to that. Technically, that's true, although I think one can argue, because I think Plaintiff is attempting to argue, that the admission, if you will, of fault and injury was an admission then of liability, and there is then an inconsistency between liability and damages. But that's not true. Well, if the Court doesn't accept that, then the Court's own decision in Philippines does make clear, I believe, that when you have a general verdict with interrogatories, which this is, it's not a special verdict. It's not a special verdict. It's a general verdict with interrogatories. And Philippines makes clear. Why interrogatories? There's only one verdict. How much is the damages? Right. But what the Court said in Zhang, and I'll admit it seems like this has vexed the the Court is trying to define what a general verdict is, general verdict with interrogatories, and special verdict. It says, quote, "...these terms are not adequate to capture every answer a jury may give, in addition to the ultimate legal conclusion in a case a jury may make legal conclusions as to subsidiary issues, such as affirmative defenses or the amount of damages owed, which are..." Well, maybe subsidiary is some other case, but in this case it was everything. But it's the nature of the question. It's the application of legal principles, how one decides what is economic damages and non-economic damages to a discrete set of facts. It's not a pure fact question. It's an application of legal principles. Are you then saying that any damages verdict, this rule applies? That you have to ask the jury a second time whether they really mean what they said? You know, I think that raises, well, I want to answer that in two parts, sorry. Philippine, I think, says yes. Because what the Court said in that case was the reason you're arguing here, whether it's confusion or inconsistency or whatever, doesn't matter. What the Court said, and again, quoting from the Court's opinion, this is at 724 Fed Second at 806, quote, "...we accept for the sake of argument PNOC's contention that the interrogatories are consistent with the general verdict. However, putting the interrogatories to one side, the waiver argument is still valid. What PNOC complains of is a jury verdict in its favor that fails to award damages." Now, in that case, there was a liability and no damages. But in this case, liability was admitted. There's no functional difference between the two. Well, liability wasn't admitted. What was admitted was negligence and injury, right? Well, there was no – the jury was never asked to assume liability. Liability was admitted. Negligence was admitted. Fault was admitted. Negligence was admitted. And, well, okay, maybe. So if you call the determination of negligence a liability issue. Right. And the Court went on to say, quote, "...we hold that PNOC waived its right to object to the verdict." But the difference, of course, is that the jury didn't say anything inconsistent, that it could correct. What would it correct? But, you see, I think that's the intersection, I think, here, between Philippine and this – and Rule 50A. You simply cannot gamble the way the plaintiff did in this case. And here's why. If this plaintiff felt that, as a matter of law, I was entitled to recover some amount of money, then he should have moved for judgment as a matter of law. He should have sought an injunction. But that is not required for a new trial. That's a different question. There are two different balls in the air here, right? One of them is the new trial versus JMOL. He wasn't asking for JMOL, so why did he have to do a Rule 50A motion? Because it strikes me that the – while the sufficiency of the evidence standard under JMOL and the 59A clear way to the evidence standard are not the same, the principles behind preservation are identical. If you're not arguing that you're entitled to money as a matter of law, then how can you possibly claim that a jury that gives you no money has done a miscarriage of justice, has done something wrong? That's what juries are for. Only because it happens to be the law because the consequences are different. In the one case, you get a judgment in your favor. In the other case, the best you can get is a new trial. And that's the way the rules were set up. This other rule, the rule about you have to ask about something before the jury is But I would respectfully submit that having not sought to have a trial judge give an instruction that they must award some damages, having accepted your instructions that allowed them, allowed them under the evidence and the instructions given to believe who they wanted to believe and give no damages if they didn't want to, that this plaintiff was – had the obligation with this form of verdict to at a minimum ask this judge to say, did they understand what they were supposed to do? If they said, yes, we did, then I suppose under your – under your jurisprudence, they get the second bite at the apple by trying to convince the judge that there was – that this verdict was against the great weight of the evidence. Counsel, let me see if I understand you correctly. Assume we agree with the appellants. If the district court incorrectly ruled the motion was waived, can we as an appellate court review that motion on the merits and affirm if we believe the motion has no merit? Can we do that? And if we can, can you cite to me a case that says we can? I believe you could, I would think, under an affirm on any basis, but I also can't cite a case to the court. And in that event, the remedy is not a new trial. The remedy is a remand to the trial court for her to perform this narrow function. And that seems to be common ground, as I understand it.  Thank you. Thank you, Your Honor. Counsel. The last point I gather is common ground, right? Yeah, I do. I think the trial court, because the trial court has – can grant a trial if they believe a miscarriage of justice has occurred. I don't think that will happen – that will be the basis if we are remanded because the trial court made this procedural ruling. But I think that will be for the trial court to decide if the case is remanded. This is not a question, and we are not required to bring a motion under Federal Rule 50, and we're not asking for a specific amount. If the judge – It's something of an anomaly, but it's true. I mean, the argument that's made is a sensible one. Why would it be that you would have to make a Rule 50a motion if you're looking for a JML, but not if you're looking for a motion for a new trial? But that seems to be how the rules are set up. Yeah. But then the amount of damages is disputed to some level, so you'd have to bring multiple JMLs at different levels and see at which point there's – at least 402 and at least 700. But that was not done, and we're not contending that we have the rights that come from having brought that motion to CRPD. But what could the jury have done, having been the trial counsel? When the jury comes back with a signed form that is not inconsistent, I can't – I can't imagine that the plaintiff has a duty to ask the judge to instruct the jury to go back and come up with another number. You know, it's done. They've made the decision based on the evidence they've seen that there are no damages. We just believe that that is the wrong decision and is not supported by that evidence. But I can't envision – and at that point I think it would be too late to even bring a JML because there'd been a verdict. If it were remanded, what would be the basis for the remand? The basis for the remand would be that the plaintiffs did not waive the right to request a new trial on any grounds under CR59, or Federal Rule 59, but that – and that would be that we would not at this point in my review of it expect this Court to actually just grant a new trial. I think that's the trial counsel. You would not expect a new trial? I don't think that's the proper remedy from this Court. Just for the trial court to reconsider the reason for granting or denial a motion for new trial, is that it? Correct. I wish that procedurally we could have the Court review the other part as well, but I believe that it is a trial court's prerogative and I don't think it's as narrow of a function. I think it's actually a powerful function of the trial court. The problem, a possible problem to be got is that here was a case tried to a jury. The jury was requested, was given a form to go out how much damages, and the jury said zero dollars. Does that end the matter? Well, I think that juries don't always end the matter. That's why we have the Court of Appeals. And I think we learn from those cases. That's why you have a motion for a new trial. And motions for a new trial. So I don't think it ends the matter. I mean, I think it informs perhaps the way the case was tried and it informs other things that are not before this.  that trial. And so what would your bottom line be on a decision from this Court? We would remand for what purpose? Remand to consider the plaintiff's motion for a new trial that was timely brought after judgment was entered. So that's the remedy we seek from this Court. Okay. Thank you both very much. It's an interesting little problem. And the case of Cody v. Carlson is submitted. We will hear one more case and then take a break.
judges: Farris, Nelson D. W., Berzon